# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00609-FDW

| | |
|---|---|
| REGINALD WILLIAM LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JAMES EXUM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e). [Doc. 1].

## I. BACKGROUND

Pro Se Plaintiff Reginald William Lindsey ("Plaintiff") is a federal prisoner currently incarcerated at Williamsburg Correctional Institution in Salters, South Carolina. Plaintiff filed a Complaint on November 11, 2019 pursuant to 42 U.S.C. § 1983, naming James Exum as the sole Defendant. [Doc. 1]. Plaintiff alleges that Defendant Exum is an attorney whom Plaintiff hired in the summer of 2014 to represent the mother of Plaintiff's son in the reinstatement of the mother's driver's license. [Id. at 3]. Plaintiff contends that he paid Defendant $700 in exchange for Defendant's agreement to represent the mother and that Defendant never provided the promised services. [Id. at 4]. Plaintiff contends that his constitutional rights were violated as a result of Defendant's conduct. [Id. at 4-5].

For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to

determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff has not stated a claim cognizable under 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Defendant here did not act under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). Further, although he generally cites the Sixth and Fourteenth Amendments to the U.S. Constitution, Plaintiff has not alleged the actual deprivation of any law secured by the Constitution or the laws of the United States.

Plaintiff, therefore, has failed to state a claim cognizable under 42 U.S.C. § 1983. Because amendment of Plaintiff's Complaint would be futile, the Court will dismiss Plaintiff's action with prejudice. This dismissal does not preclude Plaintiff from seeking relief against this Defendant in state court, although it appears that any state law claim Plaintiff could assert would be barred by the statute of limitations, in any event.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Complaint will, therefore, be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed with prejudice on initial review under 28 U.S.C. § 1915(e).
2. The Clerk is directed to terminate this action.

Signed: February 14, 2020

Frank D. Whitney
Chief United States District Judge